Daniels, J.
The proceeding, which has been taken to enforce the payment of the tax, was authorized by section 857 of chapter 410 of the Laws of 1882; and the disposition made of it by the court is within what this section has prescribed may be done to enforce the payment of a tax upon personal estate. The application was resisted on the ground that this portion of . the tax had not been legally authorized. But in support of the proceeding it was set forth that the taxable personal property of the company had been assessed upon a valuation of the sum of $75,000, and that notice of the assessment had been published in the City Record, as that was required to be done by section 817 of this act. It further appeared that the commissioners of taxes and assessments prepared their assessment rolls and delivered them to the board of aldermen of the city of New York, as the statute further required that to be done, and that the commissioners thereupon published a further notice in the City Record, the Sun, and the New York Times, for 14 days, stating that the rolls had been completed and delivered to the board of aldermen. It was further shown by the petition that the board of aldermen afterwards estimated and set down opposite the valuation of this and other property the amount in dollars and cents required to be paid as a tax thereon, and such tax against this company amounted to the sum of $1,800. This ivas confirmed, and the assessment rolls containing the tax delivered to the applicant as receiver of the taxes of the city and county of New York, together with a warrant from the board of aldermen, under their hands and seals, directing the collection of the taxes. The receiver is further shown to have given the notice in the City Record and other public newspapers, prescribed by section 841 of the act, which completed the proceeding required to be taken to render both the as *46 sessment and the tax itself binding upon the company. The company paid the sum- of $1,674.68 and interest as the amount for which it conceded its liability to taxation, but declined to pay the residue for the reason, as it is stated in its answer to the petition, that the tax imposed exceeded by so much •the amount which the city authorities were legally entitled to impose upon the corporation. It has been suggested that this difference was to make up the amount of the state tax, which, according to chapter 361 of the Laws of 1881, the authorities of the city had no power to impose. But this fact does not appear in the proceeding. The petition certainly does not show it, neither does the answer of the company. By this answer it has been stated that the company was taxable in the city and county of Hew York for local purposes alone, and the right of taxation for those purposes has been mentioned; but it has not been set forth, neither does the fact in any manner appear, that the difference between the amount paid and the amount of the tax imposed, was intended to, or did in fact, include any part of the state tax. What has been stated upon this subject in the answer is simply inferential, accompanied with the allegation that the company was erroneously taxed to the extent of this difference, and that the same was illegal. But there are no facts supporting these conclusions, and, if there were, they would not sustain the company in its resistance to the payment of this tax, for, if the tax was erroneously made larger than it should be, as the statutory notices were given of the assessment, and also of the imposition of the tax, and the completion of the rolls, that rendered the tax binding upon the company so far that it could not be questioned collaterally, as it has been in this proceeding. The legislature has prescribed ample notices in the manner already mentioned for the information and protection of the property owner. Davidson v. New Orleans, 96 U. S. 97; Spencer v. Merchant, 125 U. S. 345, 355, 356, 8 Sup. Ct. Rep. 921. And those notices appear to have been given as the law required that to be done to render the proceeding regular; and it was within the power of the legislature to prescribe this description of notice as adequate to secure the regularity of the ■ proceeding. Stuart v. Palmer, 74 N. Y. 183, 188. The object of these notices was to afford the company an ample opportunity, which they did, of appearing and objecting to the assessment, if that had been made in too large an amount; and of afterwards appearing before the commissioners of taxes and assessments and applying to them to remit or reduce the tax, in ease that was considered to exceed in amount what the company was legally liable to pay. The authority for making this correction is contained in section 822 of the act, which has provided that “the commissioners of taxes and assessments are hereby invested with power to remit or reduce a tax imposed upon real or personal estates, but such remission or reduction must be made within six months after the delivery of the books to the receiver of taxes, for the collection of such tax.” And that secured to the company ample time to make this application for the reduction of the amount of the tax, if it had been imposed at too high a figure. After the publication of this notice by the receiver, which is stated to have been given in 11 of the public newspapers printed and published in the city of Hew York, including the City Record, the company failed to avail itself of the opportunity in this manner afforded to apply for a reduction of the tax, and by that failure, under the effect to be given to these provisions of the statute, it was afterwards precluded from questioning or denying the regularity or legality of these proceedings. If they were erroneous, the application for their correction should have been made in the manner prescribed by this section of the act, which, without reference to the other provisions contained in it, secured to the company an ample opportunity for the reduction of the amount of the tax, if it in fact was entitled to that reduction. That it might have been so entitled if the application had been made as the law has prescribed it should be, is no answer to this proceeding, for before it was instituted the tax became final and conclusive against the company, and *47 it cannot now litigate or present objections, as it might have done if it had applied to the commissioners within the time prescribed by the statute for the reduction of the tax. Swift v. City of Poughkeepsie, 37 N. Y. 511. The ■order should be affirmed, with $10 costs in addition to the disbursements.
Van Brunt, P. J„ and Bartlett, J., concur.